HONORABLE J. RICHARD CREATURA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>            Plaintiff,<br><br>    v.<br><br>ISAAC JAMES WAGES, JONATHON MICHAEL MCCULLOUGH, AND/OR OTHER UNKNOWN OCCUPANTS,<br><br>            Defendants.<br>_____<br>JONATHON MICHAEL MCCULLOUGH,<br><br>            Third-Party Plaintiff,<br><br>    v.<br><br>RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK; COUNTRYWIDE HOME LOAN SERVICING LP; COUNTRYWIDE HOME LOAN INC.; CWMBS, INC.; CHL MORTGAGE PASS-THROUGH TRUST 2007-20; FIRST HORIZON HOME LOANS, a division of FIRST TENNESSEE BANK, NA; PACIFIC NORTHWEST TITLE CO.,<br><br>            Third-Party Defendants. | No. 11-cv-05396 JRC<br><br>THIRD-PARTY DEFENDANTS RECONTRUST COMPANY, N.A., BAC HOME LOANS SERVICING, LP, THE BANK OF NEW YORK MELLON AND COUNTRYWIDE HOME LOANS, INC'S MOTION TO DISMISS THIRD-PARTY PLAINTIFF'S COMPLAINT<br><br><u>NOTE ON MOTION CALENDAR</u>:<br><br>JUNE 24, 2011<br><br>ORAL ARGUMENT REQUESTED |

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 1
Case No. 11-cv-05396 JRC

116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## I. INTRODUCTION AND RELIEF REQUESTED

On or about October 23, 2007, Isaac James Wages ("Wages") obtained a mortgage loan to finance real property located in Pierce County. Wages subsequently defaulted on that debt and the Property was foreclosed and sold. Now, several months later, and only after the party purchasing the Property sought ejectment, Third-Party Plaintiff Jonathon Michael McCullough ("Plaintiff") brings the present action against ReconTrust Company, N.A. ("ReconTrust"), BAC Home Loans Servicing, LP (for itself and as successor in interest to Countrywide Home Loans Servicing, LP) ("BACHLS"), Bank of New York Mellon ("BNYM"), Countrywide Home Loans, Inc. ("CHL"), and CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-20 (collectively "Defendants"), among others.

In his Third-Party Complaint ("Complaint"), Plaintiff asserts entitlement to damages for breach of contract and wrongful foreclosure arising from Defendants' enforcement of the Deed of Trust executed by Wages. Plaintiff claims that a Bankruptcy Court Discharge and Stay Order prevented enforcement of the Deed of Trust. Yet nowhere in his Complaint does Plaintiff identify *his interest* in the Property or Deed of Trust that would entitle him to recovery, much less allege sufficient facts that would support these claims if brought by the proper party.

Plaintiff's claims are legally untenable and fail for following reasons:

• Plaintiff's state law claims are waived because, under the *Brown* holding, a borrower can only challenge his underlying debt obligation on the mortgaged property before the property is foreclosed and here the Property at issue has already been sold at a foreclosure sale;

• Alternatively, Plaintiff's state law claims cannot be sustained because they fail to state a plausible basis for relief; and

• Plaintiff's Bankruptcy-related claims are belied by the Bankruptcy Court records indicating that Defendants' interest in the Property survived Wages' Discharge Order.

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 2
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Because Plaintiff's claims are factually unsupported and legally untenable, the Complaint should be dismissed in its entirety, and without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FACTS

Plaintiff offers no facts regarding the loan and property at issue. Defendants submit the following based on publicly recorded documents.

On or about October 23, 2007, Wages obtained a $191,300 mortgage loan (the "Loan") to finance real property located at 1301 Garfield Street South, Tacoma, Washington 98444 (the "Property"). Declaration of Jacob M. Downs ("Downs Decl."), Ex. A (Deed of Trust). The Deed of Trust securing the Loan to the Property identifies <u>Wages</u> as the borrower, First Horizon Home Loans as the lender, and Mortgage Electronic Registration Systems ("MERS") as the beneficiary, "as nominee for Lender and Lender's successors and assigns." *Id.* ReconTrust is the appointed successor trustee under the Deed of Trust. Downs Decl., Ex. B (Appointment of Successor Trustee).

On or about June 17, 2010, MERS assigned the beneficial interest in the Deed of Trust, "together with the note or notes therein described" to BACHLS. Compl., Ex. A. A Notice of Trustee's Sale pertaining to the Loan and Property was recorded by ReconTrust on June 23, 2010. Downs Decl., Ex. C (Notice of Trustee's Sale). The Notice of Trustee's Sale reflects total arrears of $34,573.04. *Id.* at 2. On September 24, 2010, the Property was sold to Fannie Mae via trustee's sale. Compl., Ex. B. The Trustee's Deed evidencing the transaction was executed by ReconTrust and recorded on October 5, 2010.

On April 20, 2011, Fannie Mae filed an unlawful detainer action against Wages and Plaintiff. On our about May 4, 2011, Plaintiff initiated the present action against Defendants. Plaintiff alleges claims for breach of contract, and wrongful foreclosure. He also alleges generally that MERS' assignment of its beneficial interest to BACHLS was not valid because MERS was not a beneficiary, that the Note was "terminated" pursuant to Wage's bankruptcy

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 3
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  action, and that ReconTrust violated the Bankruptcy Court's automatic stay by initiating
2  foreclosure proceedings on the Property.

### III. ISSUE

Whether the Court should dismiss Plaintiff's Complaint in its entirety and with prejudice for failure to state a plausible claim against Defendants upon which relief can be granted.

### IV. EVIDENCE RELIED UPON

This Motion to Dismiss relies upon the allegations in the Complaint and the undisputed recorded documents of which the Court may take judicial notice.[1]

### V. ARGUMENT

**A.  Legal Standard.**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] . . . [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955, 1959 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)).  Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be

---

[1] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the plaintiffs' claim"); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 4
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

dismissed." *Twombly*, 550 U.S. at 1974. This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556-57). Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Iqbal*, 129 S. Ct. at 1951. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions"; rather, he must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 1950.

In addition, where it is clear amendment would be futile, the Court may dismiss the complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

Here, as discussed below, Plaintiff has not "nudged" his claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). Accordingly, because no amendment will cure his claims' deficiencies, the Court should grant Defendants' Motion to Dismiss without leave to amend.

**B.    The Entire Complaint Is Inadequately Pled.**

As an initial matter, Plaintiff's Complaint falls short of the standard set forth in Federal Rule of Civil Procedure 8(a)(2) and *Twombly*. Nowhere does Plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Neither does he plead any plausible claim for relief. Indeed, Plaintiff does not offer a single

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 5
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1 fact to bolster his claims. Perhaps most notably, he does not even allege his own interest in the
2 Property. He is seeking to obtain damages on a Note and Deed of Trust executed by another
3 party, and yet he offers no basis for his interest in the Property and no explanation of why he
4 stands to recover. And despite naming eleven different parties as Defendants to this action, he
5 does not identify actions taken by any particular defendant, or the defendants' relationship to
6 this action.

7 Instead of pleading facts, Plaintiff levies a series of unsupported and untenable legal
8 conclusions against Defendants in an attempt to distract this Court from the fact that his
9 Complaint is baseless. *See, e.g.,* Compl. §§ I ("any alleged rights to enforcement of the
10 security instrument Deed of Trust were lost when the Note was transferred. . . and was never
11 publicly recorded"); II ("AAA rated certificates replaced the subprime rated toxic loans
12 permanently, making existence of the original Note impossible."); III ("MERS could never
13 have been a beneficiary due to never receiving any beneficial interest payments"). In short,
14 Plaintiff's Complaint fails to "state a claim that is plausible on its face." *Iqbal*, 29 S. Ct. at
15 1949. Defendants' Motion should be granted in its entirety for this reason alone.

16 **C.   Plaintiff's State Law Claims Cannot Be Sustained.**

17 Plaintiff's Complaint brings state law causes of action for breach of contract and
18 wrongful foreclosure. Neither of these claims can be sustained, however, because they are
19 waived under the holding in *Brown*. Additionally, each is inadequately pled and legally
20 untenable.

21 **1.   Plaintiff's State Law Claims Are Waived Under the *Brown* Holding.**

22 Even assuming Plaintiff has a rightful interest in the Loan and Property and thus is
23 entitled to bring suit against Defendants – which Defendants contend he does not, Plaintiff's
24 state law claims are waived because the foreclosure sale has already occurred. Non-judicial
25 foreclosures, such as the one at issue here, are governed by the Washington Deed of Trust Act
26 (the "DOTA"). When a party has reason to challenge the foreclosure of his or her property,
27 RCW 61.24.130 governs the procedure that must be followed to enjoin the sale. *See Brown v.*

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY
MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 6
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Household Realty Corp.*, 146 Wn. App. 157, 163, 189 P.3d 233 (2008), *review denied*, 165 Wn.2d 1023 (2009). "This statutory procedure is 'the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure.'" *Id.* (quoting *Cox v. Helenius,* 103 Wn.2d 383, 388, 693 P.2d 683 (1985)). If a borrower fails to enjoin the sale, the borrower waives any claims related to the underlying obligation and the sale itself. *Plein v. Lackey*, 149 Wn.2d 214, 227-28, 67 P.3d 1061 (2003) (finding waiver even though the plaintiff filed a lawsuit seeking to enjoin the sale prior to the sale because plaintiff failed to meet all of the DOTA's requirements). "A party waives the right to post-sale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Brown*, 146 Wn. App. at 163.[2]

Additionally, to preserve its claims against the lender, the borrower must comply with all the following requirements of the DOTA:

> The court shall require as a condition of granting the restraining order or injunction that *the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust* if the deed of trust was not being foreclosed:
>
> (a) In the case of default in making the periodic payment of principal, interest, and reserves, such sums shall be the periodic payment of principal, interest, and reserves paid to the clerk of the court every thirty days.
>
> …
>
> (2) No court may grant a restraining order or injunction to restrain a trustee's sale *unless the person seeking the restraint gives five days notice to the trustee* of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made.

RCW 61.24.130(1) (2) (emphasis added).

---

[2] The Washington legislature responded to the Court of Appeals' holding in *Brown* by promulgating RCW 61.24.127. RCW 61.24.127(1)(a)-(c) preserves post-sale claims for fraud, violations of the consumer protection act, and failure by the trustee to materially comply with the DOTA in cases of owner-occupied property. However, RCW 61.24.127 preserved the core holding of *Brown*: nearly all state law claims are waived where a borrower fails to restrain a trustee's sale.

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 7
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

Here, a Notice of Sale was recorded in Pierce County, Washington, on June 23, 2010, providing constructive notice of the sale to anyone with an interest in the Property, including Plaintiff. Downs Decl., Ex. C. It is undisputed the Property was sold pursuant to a Trustee's Sale on September 24, 2010. Compl., Ex. B. Plaintiff did not file this action until May 4, 2011, well <u>after</u> the sale. His state law based claims are thus waived. *Brown*, 146 Wn. App. at 163. Because Plaintiff's first claim for breach of contract, second claim for wrongful foreclosure, and third "claim" for invalid assignment necessarily arise from alleged pre-foreclosure conduct, they should be dismissed with prejudice. Additionally, Plaintiff failed to preserve any claims because he did not seek a restraining order or injunction.

### 2.  **Plaintiff's Breach of Contract Claim Is Inadequately Pled.**

In his first claim for breach of contract, Plaintiff alleges that Defendants breached the Deed of Trust executed by Wages, by failing to "reconvey the Deed of Trust to the parties lawfully entitled thereto. . ." Compl. § I. Plaintiff argues further that Defendants lost the right to enforce the Deed of Trust when the Note was transferred to CWMBS, Inc. because said transfer was not recorded. *Id.* As discussed above, any such claim is waived under the *Brown* holding. The claim fails for the additional reasons below.

As a preliminary matter, there is **no** general requirement that assignments of Notes or Deeds of Trust be recorded in Washington State. Washington law defines "beneficiary" under a deed of trust as the holder of the instrument or document evidencing the obligations secured by the deed of trust. *See* RCW 61.24.005(2). *See also Fidelity & Deposit Co. of Maryland v. Ticor Title Ins. Co.*, 88 Wn. App. 64 (1997). It is well-settled in case law that "transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." *Carpenter v. Longan*, 16 Wall. 271, 83 U.S. 271, 275, 21 L. Ed. 313 (1872); *see In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (9th Cir. BAP 1996) (citing *Carpenter*). Indeed, the purpose of recording an assignment is to put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property. RCW

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 8
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

65.08.070.  Thus, a lack of recording is not *per se* evidence of lack of ownership, and it cannot be the basis of Plaintiff's claim that Defendants lack authority to enforce the Deed of Trust.

Plaintiff's breach of contract claim also fails because it is wholly inadequately pled. The elements of a breach of contract claim are: "1) the existence of a valid contact between the parties, 2) breach by the defendant, and 3) damages."  *Becker Family Builders Co-Plaintiffs Group v. Federal Deposit Ins. Corp.*, No. 09-5477, 2010 WL 3720284, at *3 (W.D. Wa. Sept. 17, 2010) (citing *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wn.2d 493 (2005)). Here, Plaintiff merely recites a provision from the Deed of Trust and asserts that Defendants breached by failing to convey the Deed of Trust to the "lawfully entitled" parties. Compl. § I. He does not allege that the sums owing under the security instrument were actually repaid such that the reconveyance provision would be applicable.  He does not offer any facts pertaining to his alleged damages.  In fact, he does not even identify the "parties lawfully entitled" to the Deed of Trust.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to plead a viable claim.  *Iqbal*, 129 S. Ct. at 1949-50.

Because Plaintiff pleads no facts whatsoever in support of his first claim, it should be dismissed.

### 3. Plaintiff's Wrongful Foreclosure Claim Is Untenable.

Plaintiff's second claim for wrongful foreclosure is largely based on the same empty assertions grounding his breach of contract claim – namely that Defendants violated the terms of Deed of Trust, and that an assignment to CWMBS, Inc. invalidated the Note and Deed of Trust. Compl. § II.  As discussed above, Plaintiff's conclusory allegations regarding breach are devoid of factual support and are thus insufficient to sustain any claim.  *See Iqbal*, 129 S. Ct. at 1949-50.

Plaintiff further argues that the Note was "bifurcated" from the Deed of Trust, "destroyed," and replaced by "classes of certificates" rendering Defendants' claim unsecured. Compl. § II.  However, the legal conclusion Plaintiff offers is inaccurate.  There can be no bifurcation of the Note and Deed of Trust because the two instruments move together as a

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 9
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1  matter of law: "transfer of the note carries with it the security, without any formal assignment
2  or delivery, or even mention of the latter." *Carpenter,* 83 U.S. at 275.  Since there has been no
3  destruction of Defendants' security interest, Defendants' enforcement of the Deed of Trust was
4  not wrongful.

5  Ultimately, the recorded documents demonstrate that the foreclosure proceedings
6  undertaken on the Property were appropriate.  Plaintiff offers no allegations suggesting that
7  Defendants' actions violated the terms of the Deed of Trust or applicable statutory provisions
8  relating to nonjudicial foreclosure.

9  For all these reasons, Plaintiff's wrongful foreclosure claim fails to present a viable
10 legal theory for recovery and should be dismissed with prejudice.

11 **4.     Plaintiff Alleges No Facts Demonstrating that MERS Is Not a Proper**
12 **Beneficiary.**

13 In his Complaint, Plaintiff contends that the Deed and any subsequent assignments are
14 void because MERS could not act as beneficiary.  Compl. § III.  As discussed above, Plaintiff's
15 challenge of MERS' authority is necessarily waived under the *Brown* decision.  However, even
16 if not waived, Plaintiff's dispute of MERS' authority still fails because the publicly recorded
17 Deed of Trust establishes MERS' status as the beneficiary and Plaintiff pleads no facts
18 suggesting that a contrary finding is appropriate.

19 In October 2007, Wages executed the Deed of Trust in favor of MERS as beneficiary.
20 Downs Decl., Ex. A.  When Wages signed the Deed of Trust, he consented to MERS' role in
21 the transaction, including:

22 > [MERS'] right: to exercise any or all of those interests [of the Lender or its
23 > successors and assigns], including, but not limited to, the right to foreclose and
24 > sell the Property; and to take any action required of the Lender including, but
25 > not limited to, releasing and cancelling this security instrument.

25 *Id.,* Ex. A at 3. Thus, by the plain language of the Deed of Trust, MERS possessed the authority
26 to act as beneficiary.  Plaintiff fails to plead a single fact negating the plain language of the
27

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 10
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  Deed of Trust appointing MERS as beneficiary.  Because MERS is the proper beneficiary and
2  Plaintiff cannot suggest otherwise, his third claim should be dismissed.

3  **D.     Plaintiff's Claims Regarding Discharge of the Note and Automatic Stay Are Belied**
4  **by the Bankruptcy Court Record.**

5  In support of his fourth claim for discharge of original debtor, Plaintiff argues that
6  Defendants were prevented from foreclosing on and selling the Property because the Note
7  executed by Wages was discharged in 2009 pursuant to a Chapter 7 Bankruptcy petition.
8  Compl. § IV.  He further argues in his fifth claim that Defendants were prohibited from
9  foreclosing by a Bankruptcy Stay Order.  *Id.* § V.  These claims are simply not true.

10  It is a well-established rule that a Chapter 7 Bankruptcy Discharge does not eliminate
11  obligations secured by a lien on real property.  *See* 11 U.S.C. § 524(a)(2) (a discharge only
12  operates to enjoin creditors from collecting on debts "as a ***personal liability*** of the debtor.").
13  Thus, where, as here, the Note is secured on the Property by a valid and enforceable Deed of
14  Trust (Downs Decl., Ex. A), the borrower's obligation to make payments survives the
15  bankruptcy absent a forfeiture of the property.

16  Here, not only did the Bankruptcy Court not terminate Wages' duty to make payments
17  under the Deed of Trust, it specifically granted relief from stay in order to facilitate
18  enforcement of the instrument.  On November 18, 2008, the Bankruptcy Court issued an Order
19  granting then creditor of the Note, Countrywide Bank, FSB, relief from stay as to the Property
20  and Deed of Trust:  "[T]he automatic stay is terminated as to Countrywide Bank, FSB, its
21  successors and assigns, so that it may pursue its state remedies to enforce its security interest in
22  the Property and/or as to enforcement of the deed of trust[.]"  Downs Decl., Ex. D (Order
23  Granting Relief From Stay).

24  Moreover, the Discharge notice issued to Wages on December 31, 2008 acknowledges
25  Defendants' continuing rights to enforce the Deed of Trust:  "The discharge prohibits any
26  attempt to collect from the debtor a debt that has been discharged. . . However, ***a creditor may***
27  ***have the right to enforce a valid lien, such as a mortgage or security interest, against the***

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY
MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 11
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

***debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case.***" Downs Decl., Ex. E (Discharge of Debtor). Plaintiff does not allege in his Complaint that Defendants' lien was "avoided or eliminated" by Wage's bankruptcy petition. Nor can he so allege given that the Court specifically granted relief from stay. Downs Decl., Ex. D.

Since the Deed of Trust securing Wages' loan obligations to the Property was not avoided by his Chapter 7 Bankruptcy petition, his contentions regarding bankruptcy activities cannot sustain this claim.[3]

### E.  Plaintiff's Claims Should Be Dismissed With Prejudice

In addition to being inadequately pled and offering no plausible basis for recovery, Plaintiff's first, second and third claims are necessarily waived by the *Brown* holding. Thus, they must fail as a matter of law. Plaintiff's fourth and fifth claims relating to Bankruptcy proceedings are similarly untenable because the Bankruptcy Court specifically granted relief from stay to enforce the at issue Deed of Trust and there was no "discharge" of Defendants' lien. For these reasons, it is clear no amendment can cure Plaintiff's deficient claims. Defendants therefore request that alls claims be dismissed with prejudice.

## VI.  CONCLUSION

Plaintiff's Complaint is short on facts and long on untenable legal conclusions. Ultimately, he does not state a single claim upon which relief can be granted and his pleadings give no reason to think amendment might cure the glaring deficiencies. Accordingly, his Complaint should be dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

---

[3] To the extent, Plaintiff seeks to assert that Defendants were prevented from foreclosing under a Stay Order issued relating to his own bankruptcy petition, any such claim is untenable. Section 362 of the Bankruptcy Code provides for an "automatic stay" of debt collection activities following the filing of a Bankruptcy Petition. 11 U.S.C. § 362. In order for real property to be part of the Bankruptcy Estate and thus subject to automatic stay provisions, the debtor must have an actual "equitable interest" in the Property. 11 U.S.C. § 541(d). Here, Plaintiff does not allege that he held *any* interest in the Property - much less an equitable one.

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 12
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

DATED: June 2, 2011

LANE POWELL PC

By  *s/Jacob M. Downs*
    John S. Devlin III, WSBA No. 23988
    Jacob M. Downs, WSBA No. 37982
Attorneys for Third-Party Defendants ReconTrust Company, N.A., BAC Home Loans Servicing, LP (for itself and as successor-in-interest to Countrywide Home Loans Servicing, LP), Bank of New York Mellon (erroneously sued as The Bank of New York), Countrywide Home Loans, Inc. (erroneously sued as Countrywide Home Loan Inc.), and CWMBS, Inc., CHL Mortgage Pass-Through Trust 2007-20

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 13
Case No. 11-cv-05396 JRC

116589.0327/5091239.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 2nd day of June, 2011, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all CM/ECF participants and any non-CM/ECF participants will be served in accordance with the Federal Rules of Civil Procedure.

| | |
|---|---|
| Ms. Lakisha M. Morris<br>Morris Law Office<br>3820 S Pine Street<br>Tacoma, WA 98409<br>Tel: 253.327.6616<br>E-mail: lakishamorris@hotmail.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |
| Ms. Lisa McMahon-Myhran<br>Robinson Tait, P.S.<br>710 Second Avenue, Suite 710<br>Seattle, WA 98104-1724<br>Tel: 206.654.5529<br>E-mail: lmcmahon@robinsontait.com | ☑ by **CM/ECF**<br>☐ by **Electronic Mail**<br>☐ by **Facsimile Transmission**<br>☐ by **First Class Mail**<br>☐ by **Hand Delivery**<br>☐ by **Overnight Delivery** |

DATED this 2nd day of June, 2011.

*s/Maria G. Raines*
Maria G. Raines

THIRD-PARTY DEFS RECONTRUST, BACHLS, BANK OF NY MELLON AND COUNTRYWIDE'S MOTION TO DISMISS - 14
Case No. 11-cv-05396 JRC
116589.0327/5091239.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107