HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                         Plaintiff,<br><br>   v.<br><br>ISAAC JAMES WAGES, JONATHON MICHAEL MCCULLOUGH, AND/OR OTHER UNKNOWN OCCUPANTS,<br><br>                         Defendants. | No. 11-cv-05396 RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THIRD PARTY COMPLAINT<br>[DKT. #s 13, 21, 24, 28, AND 35] |
| JONATHON MICHAEL MCCULLOUGH,<br><br>                       Third-Party Plaintiff,<br><br>   v.<br><br>RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; THE BANK OF NEW YORK; COUNTRYWIDE HOME LOAN SERVICING LP; COUNTRYWIDE HOME LOAN INC.; CWMBS, INC.; CHL MORTGAGE PASS-THROUGH TRUST 2007-20; FIRST HORIZON HOME LOANS, a division of FIRST TENNESSEE BANK, NA; PACIFIC NORTHWEST TITLE CO.,<br><br>                       Third-Party Defendants. | |

ORDER - 1
No. 11-cv-05396 RBL

116589.0327/5107103.1

1    THIS MATTER is before the Court on Third-Party Defendants' Motions to Dismiss.
2    [Dkt. #13; joined by the remaining Third Party Defendants in Dkt. #s 21, 24, 28, and 35].

3    Specifically, Third Party Defendants ReconTrust Company, N.A., BAC Home Loans
4    Servicing, LP (for itself and as successor in interest to Countrywide Home Loans Servicing,
5    LP), Mortgage Electronic Registration Systems, Inc., Bank of New York Mellon , Countrywide
6    Home Loans, Inc., and CWMBS, Inc., and CHL Mortgage Pass-Through Trust 2007-20, seek
7    dismissal of Third Party Plaintiff Jonathon Michael McCullough's claims Pursuant to Federal
8    Rule of Civil Procedure 12(b)(6).

9    The Court has reviewed all pleadings filed by all parties relating to the Motion, and
10   reviewed the records and files herein.  For the reasons that follow, the Motion is GRANTED.

11   The case began in Pierce County Superior Court as an unlawful detainer action, in
12   which First National Mortgage Association (which had purchased the foreclosed property)
13   sought to remove Defendants Wages and McCullough from the property.  McCullough,
14   claiming to be the property's rightful owner, asserted third party claims against the Third Party
15   Defendants, alleging breach of contract, wrongful foreclosure, wrongful assignment (MERS),
16   and other related state law claims. McCullough also claims either that his September 2010
17   Chapter 7 Bankruptcy discharged the underlying debt, or that it should have stayed the
18   foreclosure sale.  McCullough removed the action to this Court, claiming federal question
19   jurisdiction based on the U.S. governmental status of FNMA.

20   McCullough's claim to the property arises from a Quit Claim Deed he received from
21   Wages on the eve of the scheduled foreclosure in June, 2010.  Wages, the original debtor,
22   defaulted and the lender's successor foreclosed on the Deed of Trust.

23   The Third Party Defendants' Motion is based on their claim that the Complaint is
24   facially deficient under Rule 8, and that none of the asserted claims can survive a Motion under
25   Rule 12(b)(6).  While the Complaint is far from clear, and glosses over both factual and legal
26   issues, the Court's focus is on the more substantive Motion to Dismiss under Rule 12(b)(6).

27

ORDER - 2
No. 11-cv-05396 RBL

116589.0327/5107103.1

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

Under this standard, McCullough's claims arising out of the loan contract to which he was not even a party fail as a matter of law.  First, his unsupported claim that Wages' Quit Claim Deed to him had the legal effect of assigning all potential causes of action arising out of Wages' original loan contract is spurious.  Second, his claim that the Quit Claim Deed was superior to the Deed of Trust (i.e., that his interest in the property was not subject to the Deed of Trust) is not supportable.  McCullough's claims which are arguably related to the Deed of Trust do not state a breach of contract claim.  McCullough appears to rely solely on his claim

ORDER - 3
No. 11-cv-05396 RBL

116589.0327/5107103.1

that the Assignment of the Deed of Trust was not properly recorded. As the Third Party Defendants amply demonstrate, there is no such requirement under Washington law. There is no legal, logical or factual support that any such failure constitutes a breach of any contract, or of any other duty to McCullough.

Similarly, Plaintiff's challenges to the foreclosure are waived under *Brown v Household Realty Corp.*, 146 Wn. App. 157, 163, 189 P.3d 233 (2008), *review denied*, 165 Wn.2d 1023 (2009). A party waives the right to post-sale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Brown*, 146 Wn. App. at 163.

McCullough's claim that he did not waive *all* claims, pursuant to RCW 61.24.127(1)(a)-(c), is of no avail. First, his claim that his Chapter 7 Bankruptcy should have stayed the sale ignores the fact that the stay was lifted for that purpose. This Court cannot review that decision, even if it was wrong (a claim which is not made by McCullough). And while McCullough does mention the word "fraud," he has not alleged that any Third Party Defendant defrauded him, much less done so with the specificity required under Rule 9. The sorts of claims which are preserved in RCW 61.24.127(1)(a)-(c) are not at issue here.

McCullough's bankruptcy discharge claim is similarly without merit. Under 11 U.S.C. §524(a)(2), only McCullough's personal liability was discharged. The lender's interest in the property (the Deed of Trust) was not discharged, and McCullough articulates no claim or argument that it was or should have been.

The remainder of McCullough's claims reflect "kitchen sink," conclusory claims about defects in the deed of trust, it alleged "bifurcation," and its assignment, and claims that the

ORDER - 4
No. 11-cv-05396 RBL

116589.0327/5107103.1

1   Note was somehow discharged by operation of law. Such claims have been routinely rejected
2   by this and other courts.  These claims are unsupportable and are not sufficient under Rule
3   12(b)(6).

4   The Third Party Defendants seek dismissal with prejudice and without leave to amend.
5   Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "If the
6   underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he
7   ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S.
8   178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no
9   request to amend the pleading was made, unless it determines that the pleading could not
10  possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection
11  Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the
12  sole issue is whether there is liability as a matter of substantive law, the court may deny leave
13  to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

14  McCullough cannot amend his Third Party Complaint to state a claim for wrongful
15  foreclosure, breach of contract, fraud or any other viable claim on this record.  His third party
16  claims are dismissed WITH PREJUDICE and without leave to amend, in their entirety.

17  It is not clear from the record whether the unlawful detainer portion of this case remains
18  after this Order.  The clerk will enter a judgment in Third Party Defendants' favor on all of
19  McCullough's Third Party claims.  If no party advises the Court that some portion of the case
20  remains within five business days of this Order, the case will be terminated.

21  IT IS SO ORDERED.

22  DATED this 28th day of October, 2011.

23
24
25                                    _____
                                      RONALD B. LEIGHTON
26                                    UNITED STATES DISTRICT JUDGE
27

ORDER - 5
No. 11-cv-05396 RBL

116589.0327/5107103.1